Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Anquaneshia Haskins                                                                 **PLAINTIFF**

v.                                                          CIVIL ACTION
                                                            NO. 1:25-cv-00308-LG-RPM

Huntington Ingalls Incorporated                                                     **DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                 2-3 days

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     10

   **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:**    1-2

   Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   The parties believe a settlement conference prior to the discovery deadline may be helpful.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   Initial disclosures due by January 26, 2026.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __7__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

 **E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

At this time, the parties anticipate there to be little discovery conducted regarding ESI in this litigation. To identify and preserve any potential ESI, counsel will alert their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation and to ensure no inadvertent deletion of ESI occurs. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce pdf versions of any electronically stored documents that are produced in response to document requests unless another format has been specifically requested. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

 **F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

FORM 1 (ND/SD MISS. JAN 2022)

Additional information:

The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff reasonable notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. Absent urgent or necessitous circumstances, 7 days constitutes reasonable notice under this provision. If the plaintiff declares an intention to file such a motion, the parties must comply with Section 6.F.4 above. If such a declaration of intent to file is made, contact will not be initiated or the subpoena will not be served until the motion is ruled upon. The parties agree to make good faith efforts to expedite the process of filing, briefing, and responding to motions to quash and/or for protective orders under this provision as necessary.

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  three-week  term of court beginning on: January 11, 2027 , at  9:00 ,  a.m. , in  Gulfport , Mississippi, before United States  District  Judge  Louis Guirola, Jr.  .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS    2-3   . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: December 15-16, 2026 , at  1:30 ,  p.m. , in  Gulfport , Mississippi, before United States  District  Judge  Louis Guirola, Jr.  .

   C. **Discovery.** All discovery must be completed by:  June 30, 2026  .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by:  February 23, 2026  .

   E. **Experts.** The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s):    March 9, 2026  .

      **2.** Defendant(s):    April 8, 2026  .

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 14, 2026  .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: September 15, 2026 , at 9:30 , a.m. in Gulfport , Mississippi, before United States Magistrate Judge Robert P. Myers, Jr. .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) December 8, 2026 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

January 21, 2026 /s/ Robert P. Myers, Jr.
DATE                                UNITED STATES MAGISTRATE JUDGE